(Reap. Dec. 8680)

INTER-MARITIME FORWARDING CO., INC. *v.* UNITED STATES

Entry Nos. CE 776042; CE 705657.

(Decided October 10, 1956)

*Tompkins & Tompkins* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

RAO, Judge:  These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed VCS by Examiner V C. Schug on the invoices covered by the above-named reappraisement appeals consist of printed linen fabric exported from England.

That when said above-mentioned items marked "A" and initialed by the Examiner were exported from England such and similar merchandise was not being freely offered for sale for home consumption to all purchasers in the principal markets of England, nor was it being freely offered for sale to all purchasers in the principal markets of England for exportation to the United States, nor was it being freely offered for sale in the principal market of the United States to United States purchasers.

That the "cost of production" as defined in Section 402 (f), Tariff Act of 1930, for the above-mentioned items marked "A" and initialed by the Examiner was as follows:

For cost of materials, labor, and fabrication (Section 402 (f) (1) Tariff Act of 1930);

| Appeal Number | Price Per Yard, Equivalent U. S. Dollars |
|---|---|
| 205559–A | $0.93 less £54/0/0 British sterling on extended total |
| 206200–A | $1.00 less £4/0/0 British sterling on extended total |

To the above prices there should be added 10% for usual general expenses (Section 402 (f) (2)); and then plus 5% and then plus 25% for profits (Section 402 (f) (4)).  Said prices are net packed.

That the testimony, exhibits and other evidence hereto submitted to the court by the parties hereto may be disregarded; said reappraisement appeals being submitted for decision upon the agreed facts set forth in this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise identified by the items marked "A" and initialed VCS by Examiner V. C. Schug on the invoices, and that such values were as follows:

Reappraisement 205559–A........ The equivalent of $0.93 per yard, less 54.0.0 English currency on the extended total

Reappraisement 206200–A........ The equivalent of $1.00 per yard, less 4.0.0 English currency on the extended total

Plus 10 per centum, then plus 5 per centum, then plus 25 per centum, on each of the foregoing, net packed

Insofar as the appeals relate to all other merchandise, they are dismissed.

Judgment will be entered accordingly.